NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALFREDO REYES, | No. 19-72371 |
| Petitioner, | Agency No. A071-571-047 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021**

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Jose Alfredo Reyes, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

As to Reyes's claim based on perceived sexual orientation, substantial evidence supports the agency's conclusion that Reyes failed to establish he suffered harm that rose to the level of persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) ("Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive." (internal quotation marks omitted)); *see also Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution). In his opening brief, Reyes does not challenge the agency's conclusion that he failed to establish that he could not reasonably relocate within Guatemala to avoid future persecution. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

As to Reyes's claim based on a fear of gangs, substantial evidence supports the agency's determination that Reyes failed to establish the harm he fears was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by

criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Reyes's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Reyes failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019) (court not compelled to conclude petitioner was more likely than not to be tortured despite evidence of human rights concerns).

We do not address Reyes's contentions as to his credibility or whether he was convicted of a particularly serious crime because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Reyes does not raise a challenge to, and therefore waives, the BIA's denial of his request to remand. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

We lack jurisdiction to consider Reyes's contentions regarding alleged violations of his right to due process. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (requiring exhaustion of a procedural error that could be corrected by the BIA).

19-72371

As stated in the court's October 23, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**